Jane C. Mariani (SBN 313666)
jcm@marianiadvocacy.com
LAW OFFICE OF JANE C. MARIANI
584 Castro Street, #687
San Francisco, CA 94114
Tel.: (415) 203-2453

*Attorney for Plaintiff,*
JOHN R. SCHOLZ, III

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| JOHN R. SCHOLZ, III, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL BROTHERHOOD OF TEAMSTERS, a labor org.; TEAMSTERS LOCAL 986, a labor organization; UNITED AIRLINES, INC., a Delaware corporation;<br><br>Defendants. | CASE NO. _____<br><br>**<u>CLASS ACTION</u>**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

1

**CLASS ACTION COMPLAINT – CASE NO. _____**

## CLASS ACTION COMPLAINT

1. Plaintiff, John R. Scholz, III, brings this class action complaint against the International Brotherhood of Teamsters ("Teamsters"), Teamsters Local Union 986 ("Local 986," referred to collectively with Teamsters as "Defendant Unions"), and United Airlines, Inc. ("United" or "Defendant United"), for damages and equitable relief under the Railway Labor Act, 45 U.S.C. §§ 151 et seq. ("RLA"), alleging as follows.

## II.   JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1337 because this action arises under the RLA, 45 U.S.C. §§ 151 et seq., federal statutes affecting and regulating interstate commerce.

3. Venue is proper in this District, pursuant to 28 U.S.C. §1391(b) and (c) because Plaintiff is domiciled in this District, a substantial portion of the events, or omissions, giving rise to Plaintiff's clams occurred in this District, all Defendants in this action may be found, and/or conduct business, in this District, including conducting substantial business, maintaining offices, and employing authorized officers and agents in this District.

## III.   INTRADISTRICT ASSIGNMENT

4. Pursuant to Civil L. R. 3-2(c) and 3-2(d), this action is properly assigned to either the San Francisco Division or the Oakland Division because a substantial part of the events giving rise to the claims asserted herein occurred in San Mateo County.

## IV.   PARTIES

5. Plaintiff Scholz is a person residing in Pleasanton, California. Scholz is employed by United as a non-exempt Hydraulic Mechanical Technician at United's maintenance facilities serving its airline operations at the San Francisco International Airport and is an "employee" within the meaning of, and covered by, the RLA, 45 U.S.C. § 151 Fifth. Scholz pays dues, belongs to the craft or class of Technician employees represented by the Defendant Unions, and is in good standing of Local 986, which indirectly makes him a member of the Teamsters.

6. Defendant Teamsters is an unincorporated labor organization, headquartered at 25 Louisiana Avenue, N.W., Washington, D.C. 20001, and is a "representative" labor union subject

1  to the provisions of the RLA. 45 U.S.C. §§ 151 Sixth and 181, and the certified bargaining representative for United's Technicians and Other Related Employees of which Plaintiff and the Proposed Class belong. The Teamsters regularly conduct and transact business in this District in carrying out its union representational activities on behalf of Plaintiff and the Proposed Class.

7.   Defendant Local 986 is an unincorporated labor organization and an autonomous affiliated local union of the Teamsters. Local 986 has its principal office in Covina, California, and an office in United's SFO maintenance facility in South San Francisco, California, where Local 986 for carrying out representative duties. Local 986 represents United's Technicians and Other Related Employees in California who, on information and belief, last name begins with the letter "M." Local 986 is a representative labor union subject to the provisions of the RLA. 45 U.S.C. §§ 151 Sixth and 181, and shares representative duties with the Teamsters.

8.   Defendant United is a common carrier by air, engaged in interstate or foreign commerce, and is subject to the provisions of the RLA. 45 U.S.C. §§ 151 et seq. United is incorporated in Delaware, with its headquarters in Chicago, Illinois. United regularly conducts and transacts its airline operations in this District, including employing Plaintiffs and the Proposed Class, at its maintenance facilities serving its airline operations at, or near, the San Francisco Airport, which is in this District.

## V.  STATEMENT OF FACTS

9.   At all relevant times, Plaintiff was employed by Defendant United, and a member in good standing with Defendant Unions, including on December 5, 2024, when Defendant United was required to have concluded LOA #29 Industry Reset and reported the results to Plaintiff.

10.  At all times material, Plaintiff and Defendant United have been parties to a written collective bargaining agreement ("CBA"), establishing wages, hours, and terms and conditions of employment of United's Technician and Other Related Employees represented by the Defendant Unions, a craft or class that includes Plaintiff and the Proposed Class. A true and correct copy of the CBA between the parties is attached hereto as Exhibit 1.

11.  Letter of Agreement #29 Industry Reset ("LOA #29"), incorporated into and part of the CBA, provides for objective, systematic wage increases for Plaintiff and the Proposed Class

1   through an expressly stated formula to be implemented and reported, as is relevant here, on an annual basis. *See* Exhibit 1, 287-290.

12.   Preliminary LOA #29 calculations done by Plaintiff, and some members of the Proposed Class, show a resultant range of $3.63 to $8.63 to make total compensation for Plaintiff and the Proposed Class paid according to the CBA, specifically, LOA #29. The calculated range depended upon application of an additional premiums provided by Delta Airlines to its technician employees. Teamsters' negotiation updates, as well as the publicly available American Airlines' CBA provided wage scales and benefits and Delta Airlines' 2024 AMT Total Compensation wage comparison chart further evidence that United's Technician compensation was significantly below required 102% combined average of American Airlines and Delta Airlines.

13.   Plaintiff, and members of the Proposed Class, requested the LOA #29 result from United on multiple occasions, including after December 5, 2024, the date specified in LOA #29 by which the Industry Reset must be conducted and reported; however, United never provided the result and refused to provide the result. Plaintiff is informed and believes Defendant United never conducted the LOA #29 Industry Reset which is why United refused to report it.

14.   Article 19 and Article 20 of the CBA provide for a four-step grievance process that culminates in final and binding arbitration. *See* Ex. 1, 201-210. Plaintiff timely, and properly, followed the grievance process in the CBA despite threats and coercion from Local 986 not to file a grievance. Plaintiff was prevented from completing the process by all Defendants.

15.   On December 17, Plaintiff's Step 1 Grievance was lodged in the electronic system alleging Defendant United was violating the CBA by failing to conduct and report the LOA #29 Industry Reset by December 5, 2024, seeking as a remedy that United provide the Adjustment Calculation for the Industry Reset LOA #29 due on December 5, 2024 and to be made whole for any lost wages due to any miscalculation. A true and correct copy of Plaintiff's initial Step 1 grievance with a coerced signature is attached hereto as Exhibit 2. Plaintiff also sought to stop practice of not reporting. *See* Exhibit 2.

16.   At the time of the filing of Plaintiff's Step 1 grievance, Plaintiff was forced by Local 986's Chief Stewards Greg Sullivan and Maurice McDonald to sign a waiver of his right to

participate in the grievance process or else they would not file his grievance. Plaintiff signed the grievance for it to be filed and then hired outside counsel to remedy this violative conduct, i.e., to obtain the removal of his coerced signature from the Step 1 grievance, which waived his rights to participate in the grievance process and to demand Local 986 officials cease threatening Plaintiff. True and correct copies of the correspondence exchanged between Plaintiff's counsel and Local 986 detailing these events are attached hereto as Exhibit 3. The threats and coercion experienced by Plaintiff, are addressed in detail in the attached correspondence between Plaintiff's counsel and Local 986 in Exhibit 2.

17. While Local 986 did state it would remove Plaintiff's waiver from his grievance, Local 986 then proceeded to perfunctorily processing Plaintiffs grievance, patronizing him at every turn, performing no investigation, requesting no documentation, and refusing to advocate for Plaintiff against Defendant United at all. True and correct copies of emails exchanged between Plaintiff and Local 986 officials during the grievance process are attached as Exhibit 4.

18. On February 5, 2025, Local 986 withdrew, and permanently closed, Plaintiff's grievance without any prior notification to, or approval from, Plaintiff. Indeed, when Plaintiff was informed of the withdrawal and closure of his grievance, Plaintiff vehemently protested Local 986's unauthorized and violative actions, demanding the grievance continue to be processed as provided for in the CBA grievance processes found in Articles 19 and 20 of the CBA because Plaintiff did not wish to terminate his grievance. True and correct copies of emails exchanged regarding this are attached as Exhibit 5. Local 986 refused to do so claiming only Local 986 had the right to process a grievance completely. *See* Exhibit 5.

19. Plaintiff appealed to, and petitioned, Defendant United to continue the grievance process; however, Defendant United ignored Plaintiff and failed to respond in any way. *See* Exhibit 5.

20. United had also refused to provide requested, relevant information related to the grievances in violation of the RLA, Article 19.E.3 of the CBA, misrepresented facts, refused to accept evidence and witnesses to support Plaintiffs' grievances, and refused to complete the grievance process with Plaintiffs. *See* Exhibit 4 and Exhibit 5.

21. To date, no Defendant has moved Plaintiff's grievance to the next steps in the grievance process nor reported, and thereafter applied, the LOA #29 Industry Reset wage raise as required by the CBA. Accordingly, because efforts to resolve this matter through the grievance process have failed, Plaintiff seeks a judicial forum to remedy these injuries.

## VI. CLASS ALLEGATIONS

22. Plaintiff realleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

23. Plaintiff brings this action on behalf of himself, and all others similarly situated, and thus, seeks class certification under Federal Rules of Civil Procedure Rule 23 ("Rule 23").

24. This action has been brought, and may properly be maintained, as a class action under Rule 23 because there is a well-defined community of interest in the litigation, the Proposed Class members are easily ascertainable, clearly defined, and identified and notified efficiently from reference to existing, objective criteria such as records maintained by Defendant United.

25. For purposes of this Complaint, "Plaintiff Scholz" shall refer to that particular Plaintiff only. Reference to the "Proposed Class" shall be deemed to include the Plaintiff and each member of the Proposed Class.

26. The Proposed Class is defined as follows:

All current and former hourly-paid or non-exempt employees who were employed by United Airlines, Inc. as a non-exempt hourly wage Technician or Other Related employee during the relevant time period who are, or have been, a Teamsters member, Local 986 member, and/or who were not a Teamsters member as that relates to Teamsters' representation of United Airlines, Inc.'s Technician or Other Related employees in the relevant violation period.

27. Excluded from the class are: any Defendant; any of Defendants' officers, directors, or agents; and any member of the immediate family of, and any heirs, successors or assigns of, any such excluded party.

28. This action is properly maintainable as a class action under Rule 23(a)(1) as the Proposed Class is so numerous that joinder of all Proposed Class members is impracticable. The precise number of the entire Proposed Class is unknown to Plaintiff at this time; however, Plaintiff

1  is informed and believes that Defendant United currently employs, and has employed, during the
2  relevant time periods, more than three thousand (6,000) potential Proposed Class members.

3  29.   This action is properly maintainable as a class action under Rule 23(a)(2) as there
4  are common questions of law and fact common to the class in that all are governed by the same
5  CBA, employed by the same employer, subject to the RLA, 45 U.S.C. §§ 151 et seq., and
6  represented by the Teamsters and one of the Teamsters' autonomous local union affiliates.

7  30.   This action is properly maintainable as a class action under Rule 23(a)(3) as
8  Plaintiff's claims are typical of the claims of all other members of the Proposed Class as shown
9  herein. Plaintiff was subjected to the same violations of rights under federal law as the Proposed
10 Class. Plaintiff also seeks the same types of penalties, and other relief, on the same theories and
11 legal grounds as the members of the Proposed Class that Plaintiff seeks to represent.

12 31.   This action is properly maintainable as a class action under Rule 23(a)(4) as
13 Plaintiff will fairly and adequately protect the interests of each member of the Proposed Class
14 with whom Plaintiff has a well-defined community of interest and typicality of claims. Neither
15 Plaintiff, nor his counsel, has any interest antagonistic to the Proposed Class who Plaintiff seeks
16 to represent. To the contrary, these interests are fully aligned with the Proposed Class' interests
17 in seeking redress for all Defendants' wrongful conduct. Plaintiff's attorney, the Proposed Class
18 counsel, is also well versed in the rules governing class action, including discovery, certification,
19 and settlement.

20 32.   This action is properly maintainable as a class action under Rule 23(b)(1). Separate
21 litigations by individual members of the Proposed Class against any Defendant would create the
22 risk of conflicting, inconsistent, or otherwise varying rulings and resolutions concerning those
23 individual class members that would create conflicting or otherwise incompatible standards of
24 conduct for the Defendants or would otherwise substantially impair or impede the individual class
25 members not parties to the individual adjudications to protect their own interests.

26 33.   This action is also properly maintainable as a class action under Rule 23(b)(2). As
27 described above, Defendants have acted, or refused to act, on grounds generally applicable to the
28 entire Proposed Class and therefore, relief is appropriate respecting the Proposed Class as a whole.

34. This action is also maintainable as a class action under Rule 23(b)(3), as there are questions of law and fact common to the Proposed Class, including but without limitation:

    (a) All Proposed Class members are represented by Defendant Unions pursuant to, and for purposes of, collective bargaining under RLA, 45 U.S.C. §§ 151 et seq.;

    (b) The collective bargaining agreement, including LOA #29, entered into between the parties affects each and every Proposed Class member the same;

    (c) Defendant United's duty to conduct and report LOA #29 Industry Reset affects each Proposed Class member the same;

    (d) Whether Defendant United failed to pay all wages due to each member of the Proposed Class within the required time as designated by the CBA;

    (e) Whether the actions of any Defendant, in failing to enforce Letter of Agreement #29 ("LOA #29"), were directed at the Proposed Class affecting the legal rights of the Proposed Class in the same or a substantially similar manner;

    (f) Whether any Defendant unlawfully, or unfairly, deceived the Proposed Class, as to the true rate of pay resulting from the LOA #29 Industry Reset;

    (g) Whether any Defendant denied statutory due process to the Proposed Class when Defendants prevented access, participation, and completion of the congressionally mandated grievance process to Plaintiff;

    (h) Whether any Defendant Union breached their owed duties of fair representation to the Proposed Class, in failing to make honest, complete, accurate disclosures regarding the LOA #29 Industry Reset and the applicable grievance process;

    (i) Whether any Defendant Union breached its owed duty of fair representation to the Proposed Class, in failing to investigate Plaintiff's grievance;

    (j) Whether any Defendant Union breached the duty of fair representation owed to the Proposed Class, by failing to request or disclose relevant, material documents and records related to supporting Plaintiff's grievance;

35. Accordingly, Plaintiff can demonstrate all necessary requirements of Ruling 23 sufficiently so as to warrant class treatment for his claims.

# VII. CAUSES OF ACTION

**Count I – Breach of the Duty of Fair Representation**
**In Violation of the Railway Labor Act, 45, U.S.C. §§ 151-188**
**(On Behalf of Plaintiff and the Proposed Class Against All Defendant Unions)**

36. Plaintiff realleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

37. Defendant Unions owe a duty of fair representation to Plaintiff and the Proposed Class with respect to their employment with Defendant United, including acting in good faith toward them and refraining from discriminatory and arbitrary conduct toward them. Unions must "act for, and not against, those whom it represents." Steele v. Louisville & Nashville R.R., 323 U.S. 192, 202 (1944). A union is not a neutral fact finder but is exclusively on the side of member-grievant. A union breaches its duty when "conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." Vaca v. Sipes, 386 U.S. 171, 190 (1967).

38. Plaintiff is, and at all relevant times was, a dues paying member in good standing with Defendant Unions and as such Defendant Unions owed Plaintiff a statutory and common law duty of fair representation.

39. By the acts alleged herein, Defendant Unions acted arbitrarily, discriminatorily, and in bad faith toward Plaintiff, and the Proposed Class, including but not limited to protecting the interests of United over the interests of Plaintiff, and the Proposed Class; entering into secret agreements with United to not enforce the CBA against United to the detriment of Plaintiffs, and the Proposed Class; by refusing to investigate Plaintiff's grievance; failing and refusing to request any documentation and reporting from United; and by threatening and coercing Plaintiff to waive his statutory right to individually access the grievance process to prevent a grievance being filed.

40. Defendant Unions' conduct, practice, and pattern of advocating for, and protecting the interests of, Defendant United over the interests of Plaintiff, and the Proposed Class, deprived Plaintiff, and the Proposed Class, of wages and benefits, is conduct breaching the duty of fair representation. As a result, Defendant Unions have caused, and continue to cause, Plaintiff, and the Proposed Class, to suffer damages, including lost wages and benefits from the failure to enforce LOA #29 against Defendant United for benefit of Plaintiffs and the Proposed Class.

41. Monetary damages cannot fully compensate Plaintiff, or the Proposed Class, for the losses alleged and therefore, in addition to money damages, Plaintiff requests a declaration that Defendant Unions breached their owed representation obligations by unjustifiably delaying adjudication of Plaintiff's grievance and by threatening and coercing Plaintiff to waive his statutory right to grieve the CBA such that a federal forum is permissible for Plaintiff's grievance to be heard. Plaintiff also requests a declaration that Plaintiff, and every Proposed Class member, has the right to independently, and individually, grieve violations of the CBA, with or without the Unions.

42. As a direct and proximate result of the Defendant Unions conduct, Plaintiff, and the Proposed Class, have suffered damages in an amount to be determined according to proof.

**Count II – Violation of Statutory Due Process
In Violation of the Railway Labor Act ("RLA"), 45, U.S.C. § 184.
(On Behalf of Plaintiffs and the Proposed Class Against All Defendants)**

43. Plaintiff realleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

44. The Fifth Amendment directs that before a governmental actor may deprive a person of "life, liberty, or property," it must first afford that person "due process of law." U.S. Const., amend. V. The interests at stake in RLA proceedings are "property" for purposes of the Fifth Amendment. Nord v. Griffin, 86 F.2d 481, 483 (7th Cir. 1936).

45. Section 204 of the RLA, governs resolution of disputes as applied to the airline industry, providing for a compulsory remedy of a system adjustment board:

> "The disputes between an employee or group of employees and a carrier or carriers by air growing out of grievances, or out of the interpretation or application of agreements concerning rates of pay, rules, or working conditions … shall be handled in the usual manner up to and including the chief operating officer of the carrier designated to handle such disputes; but, failing to reach an adjustment in this manner, the disputes may be referred by petition of the parties or by either party to an appropriate adjustment board … ."

45 U.S.C. § 184.

46. Under Section 204 of the RLA therefore, an individual air carrier employee has a statutory right to due process before an adjustment board. 45 U.S.C. § 184. When a dispute arises between "an employee" and "a carrier" concerning the interpretation of labor agreements, and is not amicably resolved, "either party" may unilaterally bring that dispute before the adjustment

board. 45 U.S.C. § 184. Any attempt to deny such a right is unenforceable and invalid. <u>Int'l Ass'n of Machinists, AFL-CIO v. Central Airlines, Inc.</u>, 372 U.S. 682 (1963).

47. The Ninth Circuit has in fact found there is no clear evidence of congressional intent to remove the right of due process protection from RLA governed proceedings. <u>Edelman v. Western Airlines</u>, 892 F.2d 839, 846 (9th Cir. 1989). It follows then that preservation of due process right permits Plaintiffs to enforce its deprivation, with or without their union. <u>Fennessy v. S.W. Airlines</u>, 91 F.3d 1359, 1363-64 (9th Cir. 1996) (without judicial recognition of a claim based on the statutory dictates of the RLA, there would be no remedy to enforce the statutory commands of the RLA, ... because the claim arises under a statute and not the CBA, such a claim may be brought directly to district court.).

48. Article 19 of the CBA provides for a System Board of Adjustment, in the event a Second Step grievance resolution is unsatisfactory, at Third Step of the grievance process. *See* Exhibit 1, 201-207. Article 20 provides for a Board of Arbitration, for the neutral arbitrator, as the final and fourth step of the grievance process. *See* Exhibit 1, 209-210.

49. Nothing in the Article 19, Article 20, or any other provision in the CBA, waives, or otherwise excludes Plaintiff, or the Proposed Class, to the statutory right to access and utilize these higher stages of the congressionally mandated grievance process. Nor is there any provision in the CBA giving the Union exclusive authority to effectuate the grievance process; the CBA states the Union "may" effectuate the process not "solely" or "only." *See* Exhibit 1.

50. By refusing to allow Plaintiffs to complete the congressionally mandated grievance process for a grievance arising under the CBA, including refusing to initiate the higher steps of the grievance process, i.e., the third step System Board of Adjustment or the fourth step Board of Arbitration, as provided for under the CBA for such purpose, all Defendants are violating Section 204 of the RLA, 45 U.S.C. § 184, and depriving Plaintiffs of their statutory due process.

51. As set forth above, all Defendants inhibited, prohibited, and improperly refused to make available to Plaintiff these required steps in the grievance process for Plaintiff to exhaust his mandated contractual dispute resolution process independently despite Plaintiffs timely written requests to invoke these procedures to resolve their grievances as the statute dictates.

52. Defendants, unilaterally and arbitrarily, through their own conduct and/or by secret agreement, sought to divest and deprive Plaintiff of his statutorily prescribed rights over such a dispute, in violation of the RLA, as well as to divest and deprive the unique system board and neutral arbitrator of the statutorily prescribed jurisdiction over a dispute, in violation of the RLA.

53. While Defendant Unions may not have wanted to represent Plaintiff in the higher stages of the grievance process, such decision does not bar Plaintiff from so doing. A "union's exclusive control over the manner and extent to which an individual grievance is presented" is inconsistent with the full protection of substantive individual statutory rights. Alexander v. Gardner-Denver Co., 415 U.S. 36, 58 n.19 (1974).

54. Air carrier employees covered by the RLA have a statutory right to process their grievances individually under the RLA. Pyles v. United Airlines, Inc., 79 F.3d 1046, 1052 (11th Cir. 1996) (*citing* Stevens v. Teamsters Local 2707, Airline, Aerospace & Allied Emp., 504 F. Supp. 332, 334 (W.D. Wash. 1980) (individual airline employee entitled to convene special boards of adjustment as a matter of statutory right without union assistance ); *see also* Elgin, Joliet, & E. Ry. Co. v. Burley, 325 U.S. 711, 740 n. 39 (1945) (individual statutory rights for RLA employees "cannot be nullified merely by agreement between the carrier and the union"); Bumpus v. Air Line Pilots Ass'n. & United Airlines, Inc., 606 F. Supp. 3d 845, 857 (N.D. Ill. 2022) ("Individual employees have a statutory right to compel arbitration. The union cannot act as a 'gatekeeper' and prevent plaintiff from invoking his statutory right to arbitration."); Mullins, et al. v. Int'l. Bhd. of Teamsters, et al, Case No. 3:23-cv-03939-EMC, ECF No. 91:24 (N.D. Cal., filed March 13, 2025) (§184 does, in fact, give Plaintiffs a right to individually grieve); Wood v. Int'l. Bhd. of Teamsters, et al., 2025 WL 89141, (Alaska Dist. Ct., filed January 14, 2025) (airline employees have an individual right to arbitration pursuant to 45 U.S.C. § 184)]; Santiago v. United Air Lines, Inc., 969 F.Supp.2d 955 (N.D. Ill. 2013) ("the text of § 184 precludes United from deciding, on its own or with the [union], to bar [employee] from bringing her grievance to the System Board."); Pratt v. United Airlines, 468 F.Supp 508, 513 (N.D. Cal. 1978) (under the RLA, the union does not have exclusive control over grievances); Miklavic v USAir, Inc., 21 F.3d 551 (3d Cir. 1994) (concluding airline employees are entitled to proceed to arbitration on their own behalf)

55. Furthermore, the failure of Defendant Unions to provide Plaintiff with prior warning or notice such a drastic step of withdrawing and permanently terminating his grievance would be taken, without giving Plaintiffs any opportunity to assume responsibility for these grievances individually as provided for under the statute, violates the RLA. <u>Stevens v. Teamsters Local 2707, Airline, Aerospace & Allied Emps.</u>, 504 F. Supp. 332, 336 (W.D. WA 1980) (withdrawal of the grievances without prior notice lacks any rational basis and is arbitrary.). Consequently, Plaintiff's grievance, was effectively resolved against Plaintiff, in favor of Defendant United, at Plaintiff's expense, categorically foreclosing Plaintiff from any relief.

56. But for the general jurisdiction of the federal courts, there would not be a remedy to enforce the statutory commands Congress has written into the RLA to adjudicate such grievances. The congressionally mandated arbitral remedial was not designed to shield employers from the natural consequences of their breaches of bargaining agreements by wrongful union conduct in the enforcement of such agreements.

57. Monetary damages cannot fully compensate Plaintiff, or the Proposed Class, for the losses alleged and thus, in addition to money damages, Plaintiff requests a declaration that Plaintiff, and every Proposed Class member, has the right to independently, and individually, access the mandated grievance process to grieve violations of the CBA.

58. The aforementioned deprivations have caused Plaintiff, and the Proposed Class, to suffer significant damages for which Defendants are liable for, entitling Plaintiff, and the Proposed Class, to the full measure of damages of all categories permissible under applicable law and in an amount according to proof.

**Count III – Breach of Contract
In Violation Of The Railway Labor Act, 45 U.S.C. § 152, First, Seventh
(On Behalf of Plaintiffs and Proposed Class Against Defendant United)**

59. Plaintiff realleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

60. RLA Section 102 First provides, "[i]t shall be the duty of all carriers, their officers, agents, and employees to exert every reasonable effort to make and maintain agreements concerning rates of pay, rules, and working conditions … ." 45 U.S.C. § 152 First. A failure to

perform obligations undertaken in a CBA constitutes breach of that CBA. Scribner v. WorldCom, Inc., 249 F.3d 902, 910 (9th Cir. 2001). The Supreme Court has held that the requirement of RLA 152 First, 45 U.S.C. § 152 First, is a legal obligation that is judicially enforceable. Chicago and N.W. Ry. Co. v. United Transp. Union, 402 U.S. 570 (1971).

61. RLA Section 102 Seventh states, "[n]o carrier shall change the rates of pay, rules, or working conditions of its employees, as a class, as embodied in agreements except in the manner prescribed in such agreements or in section 156 of [the RLA]." 45 U.S.C. § 152 Seventh. "Good faith performance or enforcement of a contract emphasizes faithfulness to an agreed common purpose and consistency with the justified expectations of the other party . . . [and] that [s]ubterfuges and evasions violate the obligation of good faith in performance even though the actor believes his conduct to be justified." Scribner v. WorldCom, Inc., 249 F.3d 902, 910 (9th Cir.2001) (remarking on Commentary of the Second Restatement of Contracts).

62. By intentionally refusing to conduct and report LOA #29 Industry Reset, United has failed to exert every reasonable effort to maintain the agreement, in violation of RLA 152 First, 45 U.S.C. § 152 First, and has "unilaterally changed the rates of pay, pay rules, or working conditions of its employees" in violation of RLA 152 Seventh, 45 U.S.C. § 152 Seventh.

63. By failing to respond within a reasonable time to Plaintiff's communications which sought to abide by the grievance process set forth in the CBA for grieving an alleged violation of the CBA, or process timely notification and request by Plaintiff to initiate next steps in the grievance process, United abandoned and repudiated the agreed to, and required, grievance process in violation of RLA 152 First, 45 U.S.C. § 152 First. Indeed, rather than making a good faith attempt to address the merits of the dispute, United poisoned the process, with the Defendant Unions' assistance, in refusing to permit access to, and complete, the contractual grievance process.

64. Defendant United's secret agreements with the Defendant Unions, agreements contrary to the terms of the in-force CBA, unilaterally changes the written terms of the CBA and is a violation of RLA 152 First and Seventh, 45 U.S.C. § 152 First and Seventh.

65. Defendant United cannot unilaterally add terms to the CBA. The CBA must be conspicuously and purposefully amended, including any letters of agreement, by bargaining and

ratification vote. By unilaterally altering the agreed to LOA #29 Industry Reset as expressly provided for in the CBA, without bargaining and ratification vote, United has violated RLA 152 Seventh, 45 U.S.C. § 152 Seventh. Such failure to pay contractual wages pursuant to the terms of the CBA is enforceable as breach of the CBA in violation of RLA 152 First, 45 U.S.C. § 152 First.

66. By and through this conduct, Defendant United has demonstrated an intent not to follow the express terms of the CBA, and to not reach mutual agreement regarding grievances but rather to delay and frustrate the grievance process, and to impose unnecessary cost and hardship on Plaintiff in order to force reduction in the raise owed to Plaintiff and the Proposed Class. This conduct is in violation of RLA 152 First, 45 U.S.C. § 152, First.

67. As a party to the CBA entered into with Defendant United, Plaintiff and the Proposed Class have a right to information as to Defendant United's performance under the CBA, including a right to information Defendant United contractually agreed to provide when determining whether Defendant United adhered to any and all terms and conditions of the CBA. Defendant United's refusal to provide such requested relevant, material information is a violation of RLA 152 First, 45 U.S.C. § 152 First, and therefore, Defendant United is in breach of the CBA.

68. As a direct and proximate result of the breaches of the CBA by Defendant United, Plaintiff, and the Proposed Class, have been damaged by the loss of a significant amount of wages that they would have earned under the CBA had Defendant United conducted and reported the LOA #29 Industry Reset in an amount to be determined according to proof.

### Count IV - Declaratory Relief
### (28 U.S.C. §§ 2201 and 2202)
### (Against All Defendants)

69. Plaintiff realleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

70. Plaintiffs bring this claim pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201–2202, and Rule 57 of the Federal Rules of Civil Procedure.

71. Plaintiff contends Defendants violated the Plaintiff's rights under RLA Section 204, 45 U.S.C. 181-188 with respect to individually processing a grievance, which Defendants dispute and deny any liability for preventing them from doing so.

72. Accordingly, an actual controversy exists between the Parties within the meaning of 28 U.S.C. § 2202, sufficiently immediate and real to warrant declaratory relief and Plaintiff thus seeks a judicial declaration of the rights and duties of the respective parties.

73. Plaintiff has suffered injury in fact and has lost money and property as a result of Defendants' unlawful practices and acts warranting pursuing injunctive relief against Defendants necessary to prevent further unfair practices and acts.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, the Plaintiff named above, on behalf of himself and the Proposed Class, respectfully pray this Court accept jurisdiction of this action and grant Plaintiff's demand:

A. For certification of Plaintiff's claims as a class action pursuant to Rule 23;

B. For Plaintiff to be appointed as Class Representative;

C. For Plaintiff's counsel to be appointed as Class Counsel;

D. For compensatory damages in an amount according to proof with interest thereon;

E. For any such other general, special, or punitive damages as may be appropriate;

F. For judgment declaring Defendant United is obligated to conduct, account for, and report the results of, LOA #29 Industry Reset;

G. For judgment Defendant Unions breached their owed representation obligations under the CBA by unduly delaying arbitration of this grievance and by threatening and coercing Plaintiff to waive his statutory right to grieve the CBA such that a federal forum is permissible for Plaintiff's grievance to be heard;

H. For judgment declaring Plaintiff has the right to independently, and individually grieve violations of the collective bargaining agreement, including accessing all steps of the grievance process, and if necessary, convening a neutral arbitrator ("Board of Adjustment"), with representation of Plaintiff to be of his own choosing;

I. For an award of Plaintiff's reasonable attorney's fees and costs of this proceeding;

J. For an order for the Court to retain jurisdiction to ensure all Defendants fully comply with any and all orders of this Court; and

K. For such other and further relief as the Court may deem just, proper, and equitable.

## IX. JURY TRIAL DEMAND

Plaintiffs demand a jury trial as provided by Federal Rules of Civil Procedure, Rule 38(a).

Dated: August 4, 2025

Respectfully submitted,

LAW OFFICE OF JANE C. MARIANI

By: */s/ Jane C. Mariani*
JANE C. MARIANI,
jcm@marianiadvocacy.com
Law Office Of Jane C. Mariani
584 Castro Street, #687
San Francisco, CA 94114
Tel.: (415) 203-2453

*Attorney for Plaintiff,*
JOHN R. SCHOLZ, III

**CERTIFICATE OF ELECTRONIC SERVICE**

I, Jane C. Mariani, hereby certify that on August 4, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of electronic filing to the CM/ECF registrants for this case.

Dated:   August 4, 2025                    LAW OFFICE OF JANE C. MARIANI

                                           By:   */s/ Jane C. Mariani*
                                           JANE C. MARIANI,
                                           jcm@marianiadvocacy.com
                                           Law Office Of Jane C. Mariani
                                           584 Castro Street, #687
                                           San Francisco, CA 94114
                                           Tel.: (415) 203-2453

                                           *Attorney for Plaintiff,*
                                           JOHN R. SCHOLZ, III