CHRIS A. HOLLINGER (S.B. #147637)
chollinger@omm.com
MOLLY EDGAR (S.B. #341857)
medgar@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California  94111-3823
Telephone:    (415) 984-8700
Facsimile:    (415) 984-8701

Attorneys for Defendant
United Airlines, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN R. SCHOLZ, III, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL BROTHERHOOD OF TEAMSTERS, a labor organization; TEAMSTERS LOCAL 986, a labor organization; and UNITED AIRLINES, INC., a Delaware corporation;<br><br>Defendants. | Case No. 4:25-cv-06543-JST<br><br>**DEFENDANT UNITED AIRLINES, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S THIRD CAUSE OF ACTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**Hearing Date**:    January 22, 2026<br>**Time**:                  2:00 p.m.<br>**Location:**         Courtroom 6 |

## NOTICE OF MOTION AND MOTION TO DISMISS

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Please take notice that on January 22, 2026, at 2:00 p.m., or as soon thereafter as the matter may be heard, in Courtroom 6 of the Oakland Courthouse, located at 1301 Clay Street, Oakland, California 94612, Defendant United Airlines, Inc., by and through its undersigned counsel, will and hereby does move the Court for an order dismissing the third cause of action (breach of collective bargaining agreement in violation of the Railway Labor Act) in the Complaint filed by Plaintiff John R. Scholz, III, with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1).

This Motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, any oral argument the Court may permit, and all pleadings and papers on file in this action and on such other matters as may be presented to the Court at or before the hearing of this Motion.

Respectfully submitted,

Dated: October 6, 2025

O'MELVENY & MYERS LLP

CHRIS A. HOLLINGER
MOLLY EDGAR

By: ___/s/ Chris A. Hollinger___
  Chris A. Hollinger

Attorneys for Defendant
United Airlines, Inc.

# TABLE OF CONTENTS

Page

I. INTRODUCTION ............................................................................................................. 1
II. STATEMENT OF FACTS ................................................................................................ 2
   A. The Parties ............................................................................................................. 2
   B. LOA #29 ................................................................................................................ 3
   C. Plaintiff's Grievance .............................................................................................. 4
III. LEGAL STANDARD ....................................................................................................... 5
IV. ARGUMENT .................................................................................................................... 5
   A. THIS COURT LACKS SUBJECT-MATTER JURISDICTION OVER PLAINTIFF'S CLAIM FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT. .................................................................................. 5
      1. Plaintiff's Claim For Breach Of Collective Bargaining Agreement Is A "Minor" Dispute Over Which This Court Lacks Jurisdiction. ............. 5
      2. Plaintiffs Have Established No Basis For This Court To Exercise Subject-Matter Jurisdiction Over Their Claim For Breach Of Collective Bargaining Agreement. ............................................................... 9
V. CONCLUSION ................................................................................................................ 11

# TABLE OF AUTHORITIES

Page

**CASES**

*Alaska Airlines Inc. v. Schurke*,
  898 F.3d 904 (9th Cir. 2018)..................................................................................................... 6

*Ass'n of Flight Attendants, AFL-CIO v. Horizon Air Indus., Inc.*,
  280 F.3d 901 (9th Cir. 2002)............................................................................................. 1, 5, 7

*Bautista v. Pan Am. World Airlines, Inc.*,
  828 F.2d 546 (9th Cir. 1987)..................................................................................................... 9

*Beckington v. Am. Airlines, Inc.*,
  926 F.3d 595 (9th Cir. 2019)..................................................................................................... 3

*Bhd. of Locomotive Eng'rs & Trainmen (Gen. Comm. of Adjustment, Cent. Region) v. Union Pac. R.R. Co.*,
  879 F.3d 754 (7th Cir. 2017)..................................................................................................... 7

*Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 v. W. Pac. R.R. Co.*,
  809 F.2d 607 (9th Cir. 1987)..................................................................................................... 6

*Caldarera v. Int'l Longshoremen's Ass'n, Loc. 1*,
  765 F. App'x 483 (2d Cir. 2019)............................................................................................. 10

*Consol. Rail Corp. v. Ry. Lab. Execs. Ass'n*,
  491 U.S. 299 (1989).................................................................................................................. 8

*Croston v. Burlington N. R.R. Co.*,
  999 F.2d 381 (9th Cir. 1993), *overruled on other grounds by Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246 (1994)......................................................................... 10

*Debeikes v. Hawaiian Airlines, Inc.*,
  2015 WL 12781641 (D. Haw. Feb. 17, 2015), *aff'd*, 725 F. App'x 499 (9th Cir. 2018) ....................................................................................................................................... 11

*Elgin, J. & E. Ry. Co. v. Burley*,
  325 U.S. 711 (1945).................................................................................................................. 5

*Faulkner v. Dominguez*,
  2010 WL 342600 (C.D. Cal. Jan. 28, 2010) ............................................................................. 9

*Glover v. St. Louis-S.F. Ry. Co.*,
  393 U.S. 324 (1969).................................................................................................................. 9

*Int'l Bhd. of Teamsters v. Republic Airways, Inc.*,
  2024 WL 1521488 (S.D. Ind. Mar. 6, 2024), *aff'd*, 127 F.4th 688 (7th Cir. 2025) ......................................................................................................................................... 7

*Loc. 591, Transp. Workers Union of Am. v. Am. Airlines Inc.*,
  2015 WL 3852958 (N.D. Ill. June 19, 2015) ........................................................................... 7

*Mullins v. Int'l Bhd. of Teamsters*,
  2024 WL 478036 (N.D. Cal. Feb. 7, 2024)............................................................................. 10

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Mullins v. Int'l Bhd. of Teamsters*,
   2025 WL 807959 (N.D. Cal. Mar. 13, 2025) ............................................................. 6, 10

*Oakey v. U.S. Airways Pilots Disability Income Plan*,
   839 F. Supp. 2d 225 (D.D.C. 2012), *aff'd*, 723 F.3d 227 (D.C. Cir. 2013) .............................. 8

*Pearson v. Nw. Airlines, Inc.*,
   659 F. Supp. 2d 1084 (C.D. Cal. 2009) ......................................................................... 5

*Seitz v. Int'l Bhd. of Teamsters*,
   2022 WL 1561076 (N.D. Cal. May 18, 2022), *aff'd*, 2023 WL 4858142
   (9th Cir. July 31, 2023) ................................................................................................ 10

*Tosco Corp. v. Communities for a Better Env't*,
   236 F.3d 495 (9th Cir. 2001), *abrogated on other grounds by Hertz Corp. v.
   Friend*, 559 U.S. 77 (2010) .......................................................................................... 5

*U.S. Airlines Pilots Ass'n ex rel. Cleary v. U.S. Airways, Inc.*,
   859 F. Supp. 2d 283 (E.D.N.Y. 2012) .......................................................................... 7

*Wien Air Alaska, Inc. v. Bachner*,
   865 F.2d 1106, 1109 (9th Cir. 1989) ............................................................................ 8

**STATUTES**

45 U.S.C. § 151 *et seq.* ......................................................................................................... 1, 2

45 U.S.C. § 152 (First) ............................................................................................................ 5

45 U.S.C. § 152 (Seventh) ................................................................................................... 5, 8

**RULES**

Fed. R. Civ. P. 12(b)(1) ............................................................................................. 2, 5, 6, 11

Fed. R. Civ. P. 12(b)(6) ........................................................................................................... 5

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.     **INTRODUCTION**

At its core, Plaintiff John R. Scholz, III's ("Plaintiff") lawsuit is a simple dispute over the proper interpretation and application of provisions in the collective bargaining agreement (the "United-IBT CBA") between Defendant United Airlines, Inc. ("United") and Plaintiff's union, Defendant International Brotherhood of Teamsters (the "IBT"). In particular, Plaintiff disagrees with United and the IBT regarding the interpretation and application of Letter of Agreement No. 29 ("LOA #29"), a part of the CBA which sets forth a process for United to make periodic wage-rate increases for its mechanics and related employees as necessary to maintain their annual wages and benefits at no less than two percent higher than the average of the annual wages and benefits for similar employees at comparator airlines. Dissatisfied that United did not implement a wage increase in 2024, Plaintiff filed a grievance under the CBA, maintaining that he and other employees covered by the CBA were entitled to a wage increase under LOA #29. After multiple decision-makers and the IBT deemed Plaintiff's grievance to be meritless, Plaintiff filed this lawsuit, asserting various claims against the IBT and United, including that United breached the CBA in violation of the Railway Labor Act ("RLA"), 45 U.S.C. § 151 *et seq*.

Plaintiff's third cause of action, for breach of the United-IBT CBA, is grounded in disputed interpretations of the provisions of LOA #29, and United's obligations thereunder, and is thus a "minor" dispute under the RLA. With a few rare exceptions not applicable here, the federal courts do not have subject-matter jurisdiction to resolve the merits of minor disputes. *See, e.g.*, *Ass'n of Flight Attendants, AFL-CIO v. Horizon Air Indus., Inc.*, 280 F.3d 901, 904, 906 (9th Cir. 2002). Rather, the RLA provides that such disputes must be resolved pursuant to the grievance procedures set forth in the applicable CBA. Plaintiff alleges that United violated the United-IBT CBA by not disseminating the results of the wage adjustment calculation in December 2024 and by refusing to allow Plaintiff to advance his grievance to the next step of the CBA's grievance procedure after the IBT had closed his grievance at the prior step. To determine whether United's alleged misconduct amounts to a breach of the United-IBT CBA, this Court

UNITED'S NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFF'S
THIRD CAUSE OF ACTION
NO. 4:25-CV-06543-JST

would necessarily be required to interpret and apply the terms of the CBA, in particular, LOA #29 and the CBA's grievance provisions—something which this Court cannot do.

For the above reasons, and as explained in detail below, United respectfully requests that the Court dismiss Plaintiff's third cause of action against United for breach of the United-IBT CBA with prejudice pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.[1]

## II.     STATEMENT OF FACTS[2]

### A.     The Parties

United Airlines, Inc. ("United") is a "common carrier by air" within the meaning of the Railway Labor Act ("RLA"), 45 U.S.C. § 151 *et seq*. (*See* Complaint [ECF No. 1] ("Compl.") ¶ 8.) The International Brotherhood of Teamsters ("Teamsters" or "IBT") is the exclusive collective bargaining representative, pursuant to the RLA, for United's mechanics and related employees. (*See id*. ¶ 6.) For representation purposes, United's mechanics and related employees are administratively assigned to one of two affiliated IBT local unions (Local 856 or Local 986). (*See id*. ¶ 7.)

---

[1] Plaintiff also asserts a claim against United and the IBT for "Violation of Statutory Due Process" (Count II), alleging that individual airline employees "have a statutory right to process their grievances individually under the RLA," including to arbitration before the System Board of Adjustment. (*See* Complaint [ECF No. 1] ("Compl.") ¶¶ 43-58.) For the reasons set forth in the IBT's Motion to Dismiss (ECF No. 16 at 18-21), and in briefing which United filed in a similar lawsuit brought by Plaintiff and another employee, United maintains that individual airline employees do not have a statutory right to arbitrate their grievances over the objection of their union. (*See* Mot. to Dismiss Compl. at 16-20, *Mullins, et al. v. Int'l Bhd. of Teamsters, et. al.*, No. 3:23-cv-03939-EMC (N.D. Cal. Oct. 10, 2023), Dkt. 35; Mot. to Dismiss Second Am. Compl. at 24-26, *Mullins, et al. v. Int'l Bhd. of Teamsters, et. al.*, No. 3:23-cv-03939-EMC (N.D. Cal. July 29, 2024), Dkt. 78).) United acknowledges that the district court in *Mullins* disagreed with United's position in this regard. *See Mullins v. Int'l Bhd. of Teamsters*, 2025 WL 807959, at *16, 22 (N.D. Cal. Mar. 13, 2025). On July 17, 2025, the Ninth Circuit agreed to hear on interlocutory appeal, pursuant to 28 U.S.C. § 1292(b), the question regarding an airline employee's statutory right to arbitration under the RLA. (*See* Order Granting Joint Pet. for Permission to Appeal (9th Cir. July 17, 2025), Dkt. No. 7.1).) Because the question currently pending before the Ninth Circuit in *Mullins* will impact the outcome of Plaintiff's statutory due process claim here, United does not seek dismissal at this time, but reserves the right to move to stay this claim pending the outcome of the Ninth Circuit appeal.

[2] For purposes of this Motion to Dismiss only and unless stated otherwise, United accepts as true the well-pleaded factual allegations in Plaintiff's Complaint.

Plaintiff is employed by United as a Hydraulic Mechanical Technician and works at United's maintenance facilities located at the San Francisco International Airport ("SFO"). (*Id.* ¶¶ 5, 9.) Plaintiff is represented by the IBT and Local 986. (*Id.* ¶ 5.)

### B. LOA #29

The terms and conditions of Plaintiff's employment with United, as well as all other United mechanics and related employees, are governed by the "2016-2022 Collective Bargaining Agreement between United Airlines, Inc. and The Airline Technicians and Related Employees and Flight Simulator Technicians and Related Employees In the Service of United Airlines As Represented by The International Brotherhood of Teamsters" (the "United-IBT CBA"). (*See* Compl. ¶ 10; Ex. 1 [ECF No. 1-1].)[3] Letter of Agreement #29 ("LOA #29"), which is part of the United-IBT CBA, sets forth a process for United to make periodic wage-rate increases for the mechanics and related employees as necessary to maintain their annual wages and benefits at no less than two percent (2%) higher than the average of the annual wages and benefits for the mechanics and related employees of American Airlines ("American") and Delta Air Lines ("Delta"). (*See id.* ¶ 11; Ex. 1 at 287-290.) Plaintiff refers to the wage-rate process set forth in LOA #29 as the "Industry Reset." (*See, e.g., id.* ¶¶ 11, 13, 15.) LOA #29 outlines specific factors used to calculate United, American, and Delta's annual employee wage and benefit costs at a given point in time, including pay, time off, medical and retirement benefits, profit-sharing, and scope. (*See id.* Ex. 1 at 288-90.)

---

[3] Plaintiff alleges that during the relevant time period, "Plaintiff and Defendant United have been parties to a written [CBA]." (*See* Compl. ¶ 10; *see also id.* ¶ 67 (characterizing Plaintiff and the proposed class "[a]s a party to the CBA entered into with Defendant United . . .").) The United-IBT CBA expressly states, however, that it "is made and entered into . . . ***by and between United Airlines . . . and the International Brotherhood of Teamsters***," and only United and the IBT are signatories to the United-IBT CBA. (*See* ECF No. 1-1 at 5, 221 [emphasis added].) Although the IBT is the certified representative of Plaintiff and all other United mechanics and related employees, and has the exclusive authority to bargain on their behalf, neither Plaintiff nor any other United employee is a direct party to the United-IBT CBA. *See generally Beckington v. Am. Airlines, Inc.*, 926 F.3d 595, 605 (9th Cir. 2019) ("[T]he RLA prescribes a process of collective bargaining between the carriers on the one hand and the employees ***through their unions*** on the other.") (internal quotations and citation omitted) (emphasis added).

Plaintiff alleges that he performed "[p]reliminary LOA # 29 calculations," from which he concluded that "United's Technician compensation was significantly below [the] required 102% combined average of American Airlines and Delta Airlines." (Compl. ¶ 12.) According to Plaintiff, United was required to conduct and report the results of its LOA #29 calculation on or before December 5, 2024, and Plaintiff requested the allegedly-required results from United "on multiple occasions." (*Id*. ¶ 13.) United allegedly "refused to provide the result" of the wage adjustment calculation, and Plaintiff "is informed and believes Defendant United never conducted the LOA #29 [calculation]." (*Id*.)

### C. Plaintiff's Grievance

The United-IBT CBA sets forth a multi-step process for handling grievances "arising over the interpretation or application of [the United-IBT CBA]." (*See* Compl., Ex. 1 at 201.) Plaintiff alleges that, on December 17, 2024, he initiated a grievance (through the IBT) "alleging Defendant United was violating the CBA by failing to conduct and report the LOA #29 Industry Reset by December 5, 2024," and "seeking as a remedy that United provide the Adjustment Calculation for the Industry Reset LOA #29 due on December 5, 2024 and to be made whole for any lost wages due to any miscalculation." (*Id.* ¶ 15.) Plaintiff alleges that, at the time his grievance was submitted, he "was forced" by local union shop stewards "to sign a waiver of his right to participate in the grievance process" or else they would not file Plaintiff's grievance. (*Id*. ¶ 16.)[4] According to Plaintiff, upon his request, Local 986 agreed to "remove Plaintiff's waiver from his grievance." (*Id*. ¶ 17.)

Plaintiff alleges that Local 986 "proceeded to perfunctorily process[]" his grievance, including by purportedly "patronizing him at every turn, performing no investigation, requesting no documentation, and refusing to advocate for Plaintiff against Defendant United at all." (*Id*.) Plaintiff also alleges that United "refused to provide requested, relevant information related to the

---

[4] Although not clear from his Complaint, the "waiver" referenced by Plaintiff appears to be the following standard language from the IBT grievance form which Plaintiff signed on December 17, 2024: "I hereby authorize the Union to settle my grievance as they deem proper, and I agree to accept and be bound by the settlement agreed to by the Union or its designees." (Compl., Ex. 4 at 3.)

grievance . . . misrepresented facts, [and] refused to accept evidence and witnesses to support Plaintiff's grievance." (*Id.* ¶ 20) (cleaned up). On February 5, 2025, Local 986 withdrew and permanently closed Plaintiff's grievance. (*Id.* ¶ 18.) Plaintiff alleges that Local 986 did so without notifying him in advance or requesting his approval. (*Id.*) Plaintiff subsequently requested that Local 986 advance his grievance to the next step in the grievance process (*i.e.*, arbitration before the United-IBT System Board of Adjustment), but Local 986 "refused to do so claiming only Local 986 had the right to process a grievance completely." (*Id.*) Plaintiff alleges that he similarly requested that United allow him to continue through the grievance process, but United did not respond. (*Id.* ¶ 19.)

## III.   LEGAL STANDARD

A "plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001) (quotations omitted), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77 (2010). On a motion under Rule 12(b)(1), the court is "free to hear evidence regarding jurisdiction" and "resolv[e] factual disputes where necessary," instead of applying a "presumptive truthfulness" to a plaintiff's allegations as is the situation under Rule 12(b)(6). *Pearson v. Nw. Airlines, Inc.*, 659 F. Supp. 2d 1084, 1087 (C.D. Cal. 2009) (quotations omitted).

## IV.   ARGUMENT

### A.   THIS COURT LACKS SUBJECT-MATTER JURISDICTION OVER PLAINTIFF'S CLAIM FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT.

#### 1.   Plaintiff's Claim For Breach Of Collective Bargaining Agreement Is A "Minor" Dispute Over Which This Court Lacks Jurisdiction.

This Court should dismiss Plaintiff's third cause of action, for breach of CBA in violation of Section 2, First, of the RLA, 45 U.S.C. § 152 (First), and Section 2, Seventh of the RLA, 45 U.S.C. § 152 (Seventh), for lack of subject-matter jurisdiction. Under the RLA, claims grounded in a dispute over the proper interpretation or application of a collective bargaining

agreement ("CBA") are known as "minor" disputes. *See Elgin, J. & E. Ry. Co. v. Burley*, 325 U.S. 711, 722-23 (1945). "Federal courts do not have jurisdiction to resolve minor disputes." *Ass'n of Flight Attendants*, 280 F.3d at 904 (quotations omitted); *see also Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 v. W. Pac. R.R. Co.*, 809 F.2d 607, 610 (9th Cir. 1987) ("The district judge's view of the merits is understandable. However, the federal courts are not the proper forum to resolve this dispute."). Instead, with only rare exceptions not applicable here, minor disputes must be addressed in accordance with the CBA's grievance procedures. *See generally Alaska Airlines Inc. v. Schurke*, 898 F.3d 904, 917 (9th Cir. 2018) (en banc).

Although technically pleaded as a claim under Section 2, First, of the RLA, which creates a duty on the part of carriers (like United) "to exert every reasonable effort to make and maintain" their CBAs, Plaintiff's claim presents a minor dispute beyond the jurisdiction of this Court because it is squarely based on United's alleged breach of the United-IBT CBA. It is the United-IBT CBA—and only the United-IBT CBA—which determines whether United was required to "conduct and report [an] LOA #29 Industry Reset," and it is the United-IBT CBA—and only the United-IBT CBA—which determines whether Plaintiff had "a right to information as to Defendant United's performance under the CBA, including a right to information Defendant United contractually agreed to provide when determining whether Defendant United adhered to any and all terms and conditions of the CBA." (Compl. ¶¶ 62, 67.) Indeed, upon considering substantially similar allegations in a prior lawsuit which Plaintiff and another employee (represented by the same counsel as here) brought against United, the court dismissed the plaintiffs' breach-of-CBA claim for lack of subject-matter jurisdiction. *See Mullins v. Int'l Bhd. of Teamsters*, 2025 WL 807959, at *20 (N.D. Cal. Mar. 13, 2025) ("*Mullins II*"). Because plaintiffs' claim in that case was "predicated on an interpretation of the CBA/LOA [#29]," and ultimately turned on whether United complied "with how the wage increase was to be calculated," it was a minor dispute and the district court had no jurisdiction. *Id*. The same is true here. This Court cannot decide whether United impermissibly failed to conduct and report the results of a required wage reset calculation, or whether United impermissibly failed to provide

1   Plaintiff with certain information, without interpreting the terms of LOA #29 and the United-IBT
2   CBA more generally.  Thus, Plaintiff's claim is a minor dispute and must be dismissed pursuant
3   to Rule 12(b)(1) for lack of subject-matter jurisdiction.  *See Int'l Bhd. of Teamsters v. Republic*
4   *Airways, Inc.*, 2024 WL 1521488, at *8 (S.D. Ind. Mar. 6, 2024), *aff'd*, 127 F.4th 688 (7th Cir.
5   2025) (dismissing claim under Section 2, First, of the RLA for lack of subject-matter jurisdiction
6   because the "dispute [came] down to contract interpretation and is therefore minor"); *Bhd. of*
7   *Locomotive Eng'rs & Trainmen (Gen. Comm. of Adjustment, Cent. Region) v. Union Pac. R.R.*
8   *Co.*, 879 F.3d 754, 757 (7th Cir. 2017) (dismissing claims under RLA Sections 2, First, and 2,
9   Seventh alleging a unilateral change in work rules, and stating that "[i]f [a dispute] is covered
10  somehow by [an existing CBA]," it is "properly characterized as minor"); *see also Ass'n of Flight*
11  *Attendants*, 280 F.3d at 906 (holding that a claim under RLA Section 2, Fourth, based on
12  employees' alleged statutory right under the RLA to wear union pins while on duty was a "minor
13  dispute" which the court lacked jurisdiction to resolve).
14      Plaintiff also alleges that United breached the United-IBT CBA by "failing to respond
15  within a reasonable time to Plaintiff's communications which sought to abide by the grievance
16  process set forth in the CBA . . . or process timely notification and request by Plaintiff to initiate
17  next steps in the grievance process."  (Compl. ¶ 63.)  This allegation is premised on Plaintiff's
18  disagreement with United regarding the processing of his grievance under the United-IBT CBA,
19  the resolution of which would necessarily require this Court to interpret or apply the provisions of
20  the United-IBT CBA governing the handling of grievances—a quintessential minor dispute.  *See,*
21  *e.g.*, *U.S. Airlines Pilots Ass'n ex rel. Cleary v. U.S. Airways, Inc.*, 859 F. Supp. 2d 283, 303
22  (E.D.N.Y. 2012) (holding that a claim to compel an airline "to restore the grievance and
23  arbitration process as previously practiced by the parties" was a minor dispute); *Loc. 591, Transp.*
24  *Workers Union of Am. v. Am. Airlines Inc.*, 2015 WL 3852958, at *4 (N.D. Ill. June 19, 2015)
25  ("Defendant argues that plaintiffs' first claim . . . is nothing more than a dispute over the
26  processing and scheduling of grievances, and, because this dispute implicates a contractual right,
27  can properly be classified as minor under the RLA.  The court agrees.").
28

7

UNITED'S NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFF'S
THIRD CAUSE OF ACTION
NO. 4:25-CV-06543-JST

1	In addition to invoking United's duty under RLA Section 2, First, to "maintain" its CBA with the IBT, Plaintiff also relies on Section 2, Seventh, of the RLA—in the vernacular of the RLA, Plaintiff is in this way asserting the existence of a "major" dispute. Section 2, Seventh, prevents carriers (like United) from changing "the rates of pay, rules, or working conditions of its employees, as a class, as embodied in" the CBA, unless it complies with the negotiation and mediation processes prescribed by the RLA. *See* 45 U.S.C. § 152 (Seventh). Plaintiff alleges that United violated Section 2, Seventh, of the RLA, and breached its implicit duty to bargain with the IBT regarding wages, by "unilaterally altering the agreed to LOA #29 Industry Reset . . . without bargaining and [a union membership] ratification vote" and through "United's secret agreements with the Defendant Unions." (Compl. ¶¶ 64-65.) As a threshold matter, Plaintiff's theory should be rejected because only the IBT, and not individual employees like Plaintiff, has standing to assert a claim for a major dispute under the RLA. *See Wien Air Alaska, Inc. v. Bachner*, 865 F.2d 1106, 1109 (9th Cir. 1989) ("Because a major dispute will affect the future of the unit's entire constituency, its resolution lies exclusively within the authority of the employees' collective bargaining representative."); *Oakey v. U.S. Airways Pilots Disability Income Plan*, 839 F. Supp. 2d 225, 231 (D.D.C. 2012), *aff'd*, 723 F.3d 227 (D.C. Cir. 2013) ("Under the RLA, the union . . . exclusively controls the prosecution of major disputes. . . Therefore, if this were a major dispute, Plaintiff's union would be the proper plaintiff to sue Defendant, not Plaintiff individually.") (internal citations and quotations omitted).

In any event, Plaintiff's theory under Section 2, Seventh, fails for the same reason as his theory under Section 2, First of the RLA—it raises a minor dispute which this Court has no jurisdiction to hear. In response to a union's claim that a carrier's conduct constitutes a major dispute, "[w]here an employer asserts a contractual right to take the contested action, the ensuing dispute is minor if the action is ***arguably justified*** by the terms of the parties' collective-bargaining agreement." *Consol. Rail Corp. v. Ry. Lab. Execs. Ass'n*, 491 U.S. 299, 307 (1989) (emphasis added). In these circumstances, the employer bears a "relatively light burden" to establish that a dispute is "minor" and subject to the exclusive jurisdiction of the CBA's

grievance procedure. *Id*. Here, United easily satisfies its "relatively light" burden, because LOA #29, on its face, provides only that United and the IBT agreed to an economic model which would be used in the wage-adjustment analysis, and that United would implement a wage increase "*if* the results of the analysis demonstrate" that wages and benefits for United mechanics were "not at least two percent [] higher than the average" wages and benefits for mechanics at the comparator airlines. (*See* Compl., Ex. 1 at 287, 290 (emphasis added).) United contends that the circumstances giving rise to a wage adjustment were not present and, as a result, it had no obligation under LOA #29 to do what Plaintiff wishes United had done. That raise a paradigmatic example of a minor dispute over which this Court has no jurisdiction.

**2.    Plaintiffs Have Established No Basis For This Court To Exercise Subject-Matter Jurisdiction Over Their Claim For Breach Of Collective Bargaining Agreement.**

There are a small number of narrow exceptions to the general rule that courts do not have subject-matter jurisdiction to resolve the merits of minor disputes. Plaintiff's allegations satisfy none of them.

*First*, Plaintiff has not alleged that resorting to the CBA's grievance procedure would be futile. Courts have retained subject-matter jurisdiction over minor disputes "where the employee alleges that the union breached its duty of fair representation by acting 'in concert' with the employer, making resort to the Adjustment Board 'absolutely futile.'" *See Faulkner v. Dominguez*, 2010 WL 342600, at *5 (C.D. Cal. Jan. 28, 2010) (quoting *Glover v. St. Louis-S.F. Ry. Co.*, 393 U.S. 324, 331 (1969)). In *Glover*, based on detailed allegations that the union was "acting in concert with the railroad employer to set up schemes and contrivances to bar [Black Americans] from promotion wholly because of race," the Supreme Court concluded that "a formal effort to pursue contractual or administrative remedies would be absolutely futile." *Glover*, 393 U.S. at 331. If a plaintiff attempts to invoke federal-court jurisdiction under this theory, "the court must first examine the claim against the union," and "[i]f the court finds that the employee does not have a triable claim against the union, . . . *Glover* does not apply." *Faulkner*, 2010 WL 342600, at *5 (citing *Bautista v. Pan Am. World Airlines, Inc.*, 828 F.2d 546,

551–52 (9th Cir. 1987)).

Plaintiff alleges that the IBT "enter[ed] into secret agreements with United to not enforce the CBA," "refus[ed] to investigate Plaintiff's grievance," "fail[ed] and refus[ed] to request any documentation and reporting from United," and "threaten[ed] and coerc[ed] Plaintiff to waive his statutory right to individually access the grievance process to prevent a grievance being filed." (Compl. ¶ 39.) When Plaintiff accused United and the IBT of similar alleged misconduct in connection with prior grievances he filed challenging the wage adjustments in 2020 and 2022, the court twice found Plaintiff's allegations implausible and insufficient to invoke the *Glover* exception. *See Mullins v. Int'l Bhd. of Teamsters*, 2024 WL 478036, at *21 (N.D. Cal. Feb. 7, 2024) ("*Mullins I*") ("any secret conspiracy between the United and Union Defendants is not plausibly alleged"); *Mullins II*, 2025 WL 807959, at *20 ("The problem for Plaintiffs here is that, as discussed above, their contention that the Union and United Defendants were colluding is implausible."). Enough is enough—the same result should be obtained here. All of Plaintiff's allegations in the instant case involve his disagreement with how the IBT performed its obligations under LOA #29 and with how the IBT processed his grievance. While these allegations may reveal a "mere disagreement between the employee and the union on the merits of a grievance," they do not, however, show "invidious discrimination or unjustified hostility," as required by *Glover*. *See Croston v. Burlington N. R.R. Co.*, 999 F.2d 381, 387 (9th Cir. 1993), *overruled on other grounds by Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246 (1994). Moreover, even if Plaintiff could state a breach-of-DFR claim against the IBT, his allegations still fall short of invoking the *Glover* exception because he has failed to allege that United acted ***in concert*** with the IBT to deny his grievances.[5]

---

[5] Plaintiff's conclusory allegations of a "secret agreement" between the United and IBT—devoid of any information about the nature of the purported agreement, when it was made, or who was involved—fall short of the standard set forth in *Glover*. *See Croston*, 999 F.2d at 387 ("Conclusory allegations that do not demonstrate any act of collusion between the union and the railroad will not establish jurisdiction."); *Caldarera v. Int'l Longshoremen's Ass'n, Loc. 1*, 765 F. App'x 483, 486 (2d Cir. 2019) (plaintiff failed to plausibly plead an "employer-union conspiracy," where, *inter alia*, "[his] allegations of an 'employer-union conspiracy' are at best skeletal"); *Seitz v. Int'l Bhd. of Teamsters*, 2022 WL 1561076, at *1 (N.D. Cal. May 18, 2022), *aff'd*, 2023 WL 4858142 (9th Cir. July 31, 2023) ("[S]peculation about an unspecified payment between an employer and a union is not enough to plausibly allege that the union and employer

*Second*, Plaintiff cannot demonstrate that the "repudiation" exception applies. Some courts have exercised jurisdiction over minor disputes "if the employer repudiates the specific grievance procedures provided for in the CBA, such as when it expressly takes the position that the grievance procedures do not govern the dispute." *Debeikes v. Hawaiian Airlines, Inc.*, 2015 WL 12781641, at *14 (D. Haw. Feb. 17, 2015), *aff'd*, 725 F. App'x 499 (9th Cir. 2018) (internal quotations and citation omitted). Although Plaintiff alleges that United "abandoned and repudiated" the grievance process in the United-IBT CBA, he does not—and cannot—allege that United took the position that the grievance procedures did not govern his dispute regarding the interpretation and application of LOA #29. Plaintiff simply does not like the outcome of the application of those procedures to his grievance.

Plaintiff's allegations satisfy none of the narrow exceptions to the exclusive jurisdiction of the CBA's grievance procedures. Accordingly, his breach-of-CBA claim should be dismissed for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1).

## V. CONCLUSION

For the reasons stated herein, United respectfully requests that the Court dismiss Plaintiff's third cause of action with prejudice.

Dated: October 6, 2025.

Respectfully submitted,

O'MELVENY & MYERS LLP

CHRIS A. HOLLINGER
MOLLY EDGAR

By:    */s/ Chris A. Hollinger*
        Chris A. Hollinger

Attorneys for Defendant
United Airlines, Inc.

---

were conspiring against employees."); *Mullins I*, 2024 WL 478036, at *21 (finding similar allegations of a "secret conspiracy" between United and the IBT regarding LOA #29 "not plausibly plead").