Jane C. Mariani (SBN 313666)
jcm@marianiadvocacy.com
LAW OFFICE OF JANE C. MARIANI
587 Castro Street, #687
San Francisco, CA 94114
Tel.: (415) 203-2453

*Attorney for Plaintiff,*
JOHN R. SCHOLZ, III

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| THOMAS NEAL MULLINS, an individual; JOHN R. SCHOLZ, III, an individual; on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>INTERNATIONAL BROTHERHOOD OF TEAMSTERS, a labor organization; TEAMSTERS LOCAL 986, a labor organization; UNITED AIRLINES, INC., a Delaware corporation; UNITED AIRLINES HOLDINGS, INC., a Delaware Corporation,<br><br>Defendants. | Case No. 3:23-cv-03939-EMC<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT UNITED AIRLINES, INC. MOTION TO RELATE CASES.** |

1    **TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

2    Pursuant to Civil Local Rule 3-12, Plaintiff John R. Scholz, III ("Plaintiff") submits this
3    response to Defendant United Airlines, Inc.'s ("Defendant") motion to consider whether cases
4    should be related, seeking to relate the above-captioned case, <u>Scholz v. International Brotherhood
5    of Teamsters, et. al.</u>, case no. 4:25-cv-06543-JST ("Scholz"), filed in this district on August 4,
6    2025, with <u>Mullins v. International Brotherhood of Teamsters, et. al.</u>, case no. 3:23-cv-03939-
7    EMC ("Mullins"), which is currently on appeal in the Ninth Circuit.

## I.    INTRODUCTION.

The Court should deny the motion to relate the cases because the requirements of Civil Local Rule 3-12(a) are not met. The cases do not concern substantially the same parties, transactions, or events nor would relating the cases result in substantial duplication of labor or conflicting results if conducted before different judges. The mere existence of some factual or legal overlap is insufficient to justify relation, particularly where the core claims and procedural postures differ.

## II.    LEGAL STANDARD.

Under Civil Local Rule 3-12(a), an action is related to another when: (1) the actions concern substantially the same parties, property, transaction, or event; and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor or expenses or conflicting results if the cases are conducted before different judges.

## III.    ARGUMENT.

### A.    The Two Cases Do Not Concern Substantially Same Transaction and Events.

While Defendant asserts that both cases arise from the same transaction or event, the underlying facts and issues in each case are distinct. <u>Scholz</u> involves the failure of the Defendant to perform, or report, a required wage adjustment due on or before December 5, 2024, whereas the <u>Mullins</u> case involves a reported, but fraudulent calculation, of a required wage adjustment due on or before December 5, 2022. Further, there is no overlap in the facts of these cases as they involve independent events that occurred years apart.

### B.    There Is No Risk Of Duplication Of Labor Or Conflicting Results.

The cases are at different procedural stages. Scholz has only recently been filed on August 4, 2025 while Mullins is up on interlocutory appeal. Relating the cases would not promote efficiency and may in fact complicate case management by merging dissimilar timelines and discovery issues. Relating cases under Rule 3-12 should serve the interests of judicial economy not merely convenience for one party.

### C. Defendant's Delay In Moving to Relate the Cases Is For Delay Not Efficiency.

Defendant was served with the Scholz case on August 6, 2025. Yet, Defendant has waited almost two-months to bring this motion. Civil Local Rule 3-12(b) states, "[w]henever a party knows or learns that an action, filed in or removed to this district is (or the party believes that the action may be) related to an action which is or was pending in this District as defined by Civil Local Rule 3-12(a), the party must promptly file in the lowest-numbered case ... ." Here, Defendant filed its motion months after learning of this case. Defendant has also now represented in a footnote in a motion to dismiss filed in the Scholz case, ECF No. 17, it intends to seek a stay on the Scholz case if the cases are related. This will cause substantial delay with no substantial efficiency gained by relating the cases; relation will severely delay and prejudice Plaintiff.

### D. Defendant Did Not File A Copy of Its Motion in Both Cases.

Under Civil Local Rule 3-12(b), the party filing the motion "must also file a copy of the motion in each apparently related action using the 'Notice (Other)' event in ECF." Defendant failed to do this as Defendant filed its motion only in the lower numbered case.

## II. CONCLUSION.

For these reasons, Plaintiffs respectfully requests that the Court deny Defendant's request to order the two cases related.

Dated:     October 7, 2025                Respectfully submitted,

LAW OFFICE OF JANE C. MARIANI

By:      /s/ Jane C. Mariani
              JANE C. MARIANI,

*Attorney for Plaintiff,*
JOHN R. SCHOLZ, III

## CERTIFICATE OF ELECTRONIC SERVICE

I, Jane C. Mariani, hereby certify that on October 7, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of electronic filing to the CM/ECF registrants for this case.

Dated:     October 7, 2025             LAW OFFICE OF JANE C. MARIANI

                                       By:    /s/ Jane C. Mariani
                                              JANE C. MARIANI

                                       *Attorney for Plaintiff,*
                                       JOHN R. SCHOLZ, III